NOT DESIGNATED FOR PUBLICATION

Nos. 122,339
122,340
122,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS STEVEN JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed January15, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Douglas Steven Jones appeals the district court's order revoking his probation and imposing his underlying prison sentences. He also challenges the use of his criminal history at sentencing, contending it violated his constitutional rights. We granted Jones' motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded, asserting that the district court's decision to revoke probation was not an abuse of discretion and the use of Jones' criminal history at sentencing did not violate his constitutional rights. Finding no error, we affirm in part and dismiss in part for the reasons that follow.

1

In January 2016, Jones pled guilty to one count of unlawful possession of a controlled substance—methamphetamine, in case No. 15CR939 (Case 2). Jones was on probation in case No. 14CR1094 (Case 1) at the time of Case 2, so he also stipulated that he violated his probation in Case 1. At the close of the plea hearing and revocation hearing, the court released Jones on an appearance bond pending a sentencing and disposition hearing.

Two months later, the State charged Jones with aggravated failure to appear in case No. 16CR434 (Case 3) because he had not shown up for the scheduled sentencing hearing in Case 2. He later pleaded guilty to this charge, after which the court handled sentencing in both cases at a hearing in July 2016. Based on a criminal history score of B, the court imposed the presumptive aggravated sentence of 36 months' imprisonment in Case 2 and the presumptive aggravated sentence of 12 months' imprisonment in Case 3. As to both cases, the court granted Jones' requests for dispositional departures and imposed a probation term of 18 months. The court also reinstated Jones' probation in Case 1 for 18 months in accordance with the probation in the newer cases, to begin after serving a 120-day jail sanction.

Eleven months later, the district court found Jones had violated the terms of his probation by failing to report to his probation officer or complete urinalysis(UA) testing. The court imposed a three-day jail sanction in Cases 2 and 3 and reinstated Jones' probation for 18 months. The court also revoked Jones' probation in Case 1 and ordered him to serve the rest of his underlying sentence before beginning the reinstated 18-month probation term in the other two cases.

In February 2019, Jones entered a guilty plea in case No. 19CR61 (Case 4) to one count of possession of methamphetamine. At the plea hearing, Jones acknowledged that

the resulting conviction would constitute a probation violation in Cases 2 and 3. At sentencing, the district court imposed the presumptive mid-range sentence of 34 months' imprisonment but granted a dispositional departure to 12 months' probation. In Cases 2 and 3, the court ordered Jones to serve a 180-day jail sanction and reinstated probation for 18 months.

Nine months later, Jones stipulated to violating probation in all three cases by missing appointments with his supervision officer and failing to adhere to his treatment plan. The district court revoked probation in all three cases and ordered Jones to serve the underlying prison sentences as imposed.

Jones now appeals.

ANALYSIS

Jones raises two issues in this appeal: (1) whether the district court's revocation of his probation was an abuse of discretion; and (2) whether the use of his prior criminal history for purposes of sentencing violated his constitutional right to a jury trial. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

*The district court did not abuse its discretion in revoking Jones' probation.*

Jones contends first that the district court abused its discretion by revoking his probation and imposing the underlying sentences. He asserts that he was "desperately trying to beat" a "severe methamphetamine addiction," leading to merely "technical violations that occurred during [a] one-week window."

3

But the law of probation revocations is well settled. Once there is evidence of a violation, or where the probationer stipulates to a violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Jones bears the burden of showing an abuse of discretion. See *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Whether a district court properly imposed a sentence after revocation of probation is a question of law over which an appellate court exercises unlimited review. *McFeeters*, 52 Kan. App. 2d at 47-48. Similarly, when our decision requires statutory interpretation, review is unlimited. *State v. Clapp*, 308 Kan. 976, 980, 425 P.3d 605 (2018).

Jones does not challenge the alleged probation violations in this appeal. But beyond stating the district court abused its discretion, Jones does not point to any errors of fact or law in the court's decision. Although he does not reference it in his motion, the court's authority to revoke probation is controlled by K.S.A. 22-3716, which the Legislature has amended multiple times since Jones first committed the crimes relevant to this case. Because Jones was serving probation for convictions resulting from three cases at the time of the revocation hearing, slightly different versions of the statute apply.

Starting with the most recent case—Case 4—the relevant statutory provision is K.S.A. 2018 Supp. 22-3716(c)(9)(B), which authorizes the district court to revoke probation without having previously imposed a sanction if the probation was originally granted as a dispositional departure. In 19CR61, Jones pleaded guilty to one count of possession of methamphetamine and faced a presumptive prison sentence, yet the court granted a dispositional departure.

4

But at that time Jones was already on probation in Cases 2 and 3 and had served a three-day jail sanction for previous violations in those cases. See K.S.A. 2015 Supp. 22-3716(c)(1)(B). At the April 2019 hearing, the court also ordered Jones to serve a 180-day jail sanction in those cases and reinstated probation for 18 months thereafter. See K.S.A. 2015 Supp. 22-3716(c)(1)(D). This version of the statute authorized the district court to revoke probation if the defendant had already served either a 120- or 180-day sanction. K.S.A. 2015 Supp. 22-3716(c)(1)(E).

So the district court was legally and factually able to revoke Jones' probation, the only remaining question is whether the district court's decision was arbitrary, fanciful, or unreasonable. We find it was not.

Even though Jones stipulated to the violation of his probation, he did testify personally, as did his intensive supervision officer. She outlined her attempts to keep Jones sober and out of jail, all of which failed. She indicated that she did not think Jones really wanted to change his behavior. She was able to secure and pay for a bed in a detoxification unit for Jones, but he left the office "to get back to work." It was later discovered he had no work that day. She located him at home and transported him to the detoxification facility. After being released from the detoxification facility, he again tested positive for methamphetamine and continued to either test positive or fail to show up for his UAs. The district court noted that there had been at least three occasions when Jones could have been sent to prison, but the court gave him a chance to get his addiction treated, imposed sanctions to encourage compliance, and Jones continued failed each time. Based on the record before us, we conclude the district court did not abuse its discretion in revoking Jones' probation and imposing the underlying sentences.

*The district court did not violate Jones' constitutional rights by using his criminal history at sentencing.*

Finally, Jones claims the district court violated his rights under *Apprendi*, 530 U.S. at 490, when it used his prior criminal history to increase his sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt. But Jones did not timely appeal his sentence—the last of which was imposed on April 24, 2019. See K.S.A. 2018 Supp. 22-3608(c) (14 days after judgment to appeal); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Jones filed this appeal on November 26, 2019, more than seven months after the last possible sentencing hearing. Because Jones did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue and must dismiss that claim.

Affirmed in part and dismissed in part.